## MORENO v. MARTÍNEZ.

### APPEAL from the District Court of Mayagüez.

No. 241.—Decided April 20, 1908.

.APPEAL—DELAY IN FILING BRIEFS.—The filing of briefs after the expiration of the
period allowed therefor is sufficient reason to warrant the dismissal of the
appeal if a motion therefor is made by the respondent before the hearing,
but the court will not dismiss an appeal on its own motion after the hearing
has been had.

ID.—JUDGMENT CONTRARY TO LAW—AMENDMENT OF SECTION 295 OF THE CODE OF
CIVIL PROCEDURE.—The Act of March 11, 1908, amending section 295 of the
Code of Civil Procedure is not applicable to appeals in which the transcript
of a record was filed prior to the approval of that act. In the case at bar
the court cannot consider the evidence because the appeal was taken after
the expiration of 15 days after rendition of judgment.

The facts are stated in the opinion.

Mr. Vásquez for appellant.

Mr. Victor Martínez for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Mayagüez on the 31st October, 1907. The appeal was taken on the 25th of November following and the transcript filed on the 21st of January, 1908. No extension appears to have been granted by either the district court or the Supreme Court of the time allowed by rule 50 for filing the transcript. Two extensions were granted by this court for filing briefs—that is to say, one of 15 days, and one of five days respectively, making 20 days in all.

Under the rule, if rigidly enforced, this appeal would have had to be dismissed, because the transcript was not filed in time and probably some action should be had in regard to the delay in filing the briefs, but inasmuch as the hearing was had before this court on the 24th of March last, on briefs and oral argument by the attorney for the appellant, and because no motion has been made by the appellee to dismiss the appeal

for noncompliance with the rules, the court will not, of its own motion, after the hearing, make such dismissal. We have decided this in two cases styled *Palermo* v. *Vila,* in which the decision was rendered on the 3d day of the present month, to which reference is made for the reasons more elaborately stated.

Then we must proceed to the merits of the case; but under section 295 of the Code of Civil Procedure, the appeal having been taken more than 15 days after the rendition of the judgment, can we consider the facts, in view of the late amendment made to article 295 of the Code of Civil Procedure? Inasmuch as this transcript was filed in this court long before the amendatory act referred to, we have heretofore held that said act has no application to the case, and therefore we cannot consider the facts, and must confine our decision to the questions of law presented by the record.

On examination of the judgment roll, and a consideration of such legal propositions as appear from the record to be involved, we cannot find any material error. The brief and argument of counsel for the appellant were directed entirely to the facts, contending that they showed badges of fraud sufficient to compel the court to set aside the conveyance which was attacked. Had the appeal been taken in time, we might consider these matters, but on account of the delay we are precluded from so doing. Then leaving out the facts of the case, which are not before us, and considering only the record which is left after such exclusion, we must hold that the judgment of the court below was justified, and that there is no cause for reversal.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.